### HORACE W. SARGENT *vs.* INHABITANTS OF MILO.

### Piscataquis. Opinion May 29, 1897.

*Taxes. Electors. Unincorporated Places. R. S., c. 4, § 58.*

Electors living in unincorporated places may furnish lists of their polls and estates to the assessors of any adjacent town, on or before the first day of April, and said assessors shall assess state and county taxes upon all such persons. And such electors so presenting their polls and estates may vote in such town in all elections for governor, senators, representatives and county officers.

*Held;* that such elector is not liable to be assessed for a town tax.

The case appears in the opinion.

*J. B. Peaks,* for plaintiff.

*G. W. Howe,* for defendants.

PER CURIAM: On the 30th day of March, 1892, the plaintiff, then living in the unincorporated township of Lake View, or number 4, range 8, adjacent to the town of Milo, furnished the assessors of that town with a list of his poll, and of his estate, consisting of one horse; and thereupon the assessors of Milo, in pursuance of said application, and as they understood, in conformity with R. S., c. 4, § 58, on the first day of April of that year assessed the

plaintiff a tax of three dollars upon his poll and one dollar and a half upon his horse in accordance with the list by him furnished to them.

The application made by the plaintiff to the assessors of the defendant town, and the list furnished, was for the purpose of voting in that town, and by virtue of the statute above mentioned he should have been assessed a state and county tax.

The assessors of Milo, however, through some mistake or inadvertence assessed upon the plaintiff a state, county and town tax. That statute provides that " electors living in other unorganized places, may furnish lists of their polls and estate to the assessors of any adjacent town, on or before the first day of each April, and said assessors shall assess state and county taxes upon all such persons, and they shall be collected in the same manner and by the same officers, as if such electors were inhabitants of such town; and such electors so presenting their polls and estates may vote in such town in all elections for governor, senators, representatives and county officers."

The plaintiff contends that the tax thus imposed by the assessors was illegal, and having paid the same under protest and to avoid arrest, he seeks to recover back the money in this action.

The jurisdiction of the assessors by statute was limited to the state and county tax. For them also to undertake to assess a town tax, in addition to the state and county tax, was more than an error, mistake or omission in exercising their jurisdiction to assess state and county taxes.

It was going outside of their jurisdiction. The assessment of the town tax was not a mere irregularity. It was wholly unauthorized and hence void.

The town has received the plaintiff's money without right. In equity and good conscience it should be refunded, and this action therefor is sustained.

*Judgment for plaintiff.*